Filed 9/21/22  In re A.A. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.A. et al., Persons Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> G.M., <br><br> Defendant and Appellant. | B313354 <br><br> Los Angeles County Super. Ct. Nos. 19LJJP00760A,B |

APPEAL from an order of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Affirmed.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant G.M.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Kelly Emling, Deputy County Counsel, for Plaintiff and Respondent.

_____

A father challenges a juvenile court custody order that had ample evidentiary support and fell within the court's broad discretion.  We affirm.

The 2019 dependency petition had allegations against the mother and father of two young girls, then ages five and one.  The allegations against the father concerned domestic violence between the parents, sexual abuse of the older child, and untreated mental and emotional problems.

The juvenile court detained the children from the father and released them to the mother.  The father was jailed and later was released.  The court issued a temporary restraining order protecting the mother and children from the father.

The investigation by the Los Angeles County Department of Children and Family Services produced conflicting evidence from the older child about her father's conduct.  At times the girl reported he did not touch her private parts.  Other times she reported the father tickled, rubbed, and photographed her private parts and put his fingers inside her.

A detailed overview of the underlying investigation and proceedings is unnecessary due to the nature of the father's appellate challenge.  So we skip to the settlement the parties reached in November 2020.

As part of that settlement, the father pleaded no contest to the following amended count:

"On prior occasions, the [children's] father . . . failed to establish appropriate physical boundaries with the [older child].  On prior occasions the father took photos of the child's genitals.  On prior occasions the father slept naked with the children and the [older child] slept naked with the father in the same bed.  On

prior occasions the father touched the child's vagina with the father's toes. The father's inappropriate touching of the child endangers the child's physical health and safety, placing the [children] at risk of suffering serious physical harm, damage, danger, and failure to protect[.]"

The court found this count true and ordered case plans for the parents. The father's plan included domestic violence and anger management programs, individual and mental health counseling, a psychological assessment, and a psychiatric evaluation.

By spring 2021, the mother had completed her case plan, and the children were doing well in her care. The father had not completed his plan and, for various reasons, had had few monitored therapeutic visits with his older child. Some of the visitation obstacles appeared self-inflicted.

The Department sought to terminate jurisdiction.

The father testified at the April 2021 review hearing, as did his therapist and the social worker handling the case. The father admitted he failed to establish appropriate boundaries with his children but denied other allegations in the sustained petition.

The juvenile court ultimately terminated jurisdiction. It found the mother had completed her case plan and the children were safe in her care. The court awarded the mother sole legal and physical custody, granted the father visitation, and deferred the mother's request to move out of state. (See Welf. & Inst. Code, § 362.4, subd. (a) [permitting custody orders in termination proceedings].)

The father challenges only the legal custody ruling. He claims no evidence supported the ruling, the juvenile court relied on inapplicable Family Code presumptions, and the court

improperly considered the existence of a restraining order and earlier domestic violence.

The ruling was proper and no abuse of discretion. (See *In re C.W.* (2019) 33 Cal.App.5th 835, 863 [abuse of discretion standard governs review of juvenile court custody orders].)

The Department, the children's counsel, and the mother's counsel were aligned in seeking sole legal custody for the mother. The social worker cited the father's interactions with the Department, cooperation issues, his untimeliness in completing services, and the inability to assess in-person visits. The Department argued, among other things, the father was trying to manipulate the mother through visitation and track the mother inappropriately through the children and a third party, and joint custody would facilitate this behavior.

Evidence provided at the review hearing supported the Department's argument and signaled the father had not gained necessary insight.

The father had completed only a few therapy sessions.

Despite reaching a settlement at the adjudication phase of the case, the father denied much of the conduct in the narrowed, sustained petition.

The father also denied any history of domestic violence. But the evidence showed the father had at least two domestic violence criminal protective orders against him. It also showed he violated restraining orders.

At the review hearing, the father implied the mother prompted the dependency case against him so she could move out of state. He blamed her for engaging in erratic and "surreptitious behavior," not facilitating visitation, and alienating him from his children. This evidence portends problems in making shared

4

decisions regarding the children's upbringing.  (See Fam. Code, § 3003 [defining joint legal custody].)

The juvenile court did not apply Family Code presumptions, including the presumptions of section 3044 (concerning domestic violence) and section 3030 (concerning sex offenders and murderers).  (See *In re C.M.* (2019) 38 Cal.App.5th 101, 108–110 [Family Code presumptions inapplicable in dependency proceedings].)  It stated as much in its order and identified factors beyond a history of domestic violence that bore on its decision, including the sustained allegations of inappropriate behavior by the father and the "serious concerns" they raised regarding his ability to parent safely, the father's insufficient individual therapy and therapeutic visitation with the older child, and his unfinished case plan.

Contrary to the father's claims, the court's ruling did not reference a restraining order.

Factually distinct *In re Jennifer R.* (1993) 14 Cal.App.4th 704 does not show the juvenile court abused its discretion here.

The evidence we have outlined was relevant to the juvenile court's task—deciding whether allowing the father a joint say with the mother in important decisions about the children's welfare was in the children's best interests at that juncture.  The court's legal custody ruling appropriately considered the totality of the circumstances and fell within the court's broad discretion.  (See *In re C.M.*, *supra*, 38 Cal.App.5th at p. 109 [juvenile courts consider the totality of the circumstances in issuing custody orders in a child's best interests]; *In re Nicholas H.* (2003) 112 Cal.App.4th 251, 265, fn. 4 & 268 [discussing the "best interests of the child" standard and noting the juvenile court's "broad

discretion to make custody orders when it terminates jurisdiction in a dependency case"].)

**DISPOSITION**

We affirm the custody order.


                                        WILEY, J.


We concur:



                GRIMES, Acting P. J.



                HARUTUNIAN, J.*

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6